UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERMIN LOPEZ, CESAR MELO AND ARMANDO AJTUN, *individually and on behalf of others similarly situated*,

Plaintiffs,

-against-

NIGHTS OF CABIRIA LLC (D/B/A TWO BOOTS PIZZA), TWO BOOTS MANAGEMENT COMPANY LLC (D/B/A TWO BOOTS PIZZA), PHIL HARTMAN, DORIS KORNISH AND ROBERT PERL,

Defendants.

Civil Action No. 14-cv-1274 (LAK) (JLC)

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Fermin Lopez, Cesar Melo (a.k.a. Cesar Mendez) and Armando Ajtun (a.k.a. Juan Carlos Soltay) on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns (collectively, "Plaintiffs") and Defendants Nights of Cabiria LLC, Two Boots Management Company LLC, and Phil Hartman on their own behalf, on behalf of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents, subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (collectively "Defendants" and with Plaintiffs, the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

1.  **Preliminary Matters.** Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Michael Faillace & Associates, P.C., and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider their advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2.  **No Admission of Liability.** The Parties hereto recognize and agree that Defendants, do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Lopez, et al. v. Nights of Cabiria, LLC, et al.*, Civil Action No. 14-cv-1274 (LAK) (JLC), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiffs' employment relationship with Defendants and the separation or termination of Plaintiffs' employment relationship. Neither this Agreement, nor its terms, will be admissible in any proceeding other

than in an application seeking Court approval of this settlement and/or final dismissal of this matter, or a proceeding for breach of the terms of this Agreement as set forth herein.

    3. **Dismissal of Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to file or re-file the causes of action asserted in the Pending Action and/or the released claims set forth in Paragraph 5; and (3) not to institute any action against any Defendants in any court or other forum based on the claims and/or facts set forth in the Pending Action. The Parties expressly authorize their counsel to execute the Stipulation and Order of Dismissal With Prejudice set forth in Exhibit A attached hereto and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or full release of claims as specified herein.

    4. **Consideration**. Defendants agree to pay Plaintiffs and their attorneys the total sum of Twenty-Seven Thousand Five Hundred Dollars and Zero Cents ($27,500.00) as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties and liquidated damages. Further, Plaintiffs agree that they have no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Settlement Agreement.

    5. **Release by Plaintiffs.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have, from the beginning of the world to the effective date of this Agreement, against Defendants arising out of: (i) wage or other compensation related claims arising directly or indirectly from Plaintiffs' association with Defendants, whether as independent contractors, employees, or otherwise, and the termination of that association; (ii) any claims or facts asserted in or related to the Pending Action; (iii) claims under federal, state or local wage and hour laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Order for Miscellaneous Industries and Occupations, the Fair Labor Standards Act, or any other federal, state, or municipal wage and hour law; (iv) claims for overtime, commissions, unpaid wages, and/or other compensation whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants as well as other compensation, wages, or benefits

-2-

including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and local law; and (v) any other wage or other compensation claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, promissory estoppel, breach of contract, and quantum meruit. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. Specifically excluded from this release provision are claims for unemployment insurance and workers' compensation. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or time worked.

6. **Plaintiffs' Responsibility for Taxes**. Plaintiffs assume full responsibility for their respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

7. **Payment**.

A. Within thirty (30) days after the Court approves the settlement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act as well as fully and finally dismisses the instant action, with prejudice, Defendants will issue the Settlement Payment, totaling Twenty-Seven Thousand Five Hundred Dollars and Zero Cents ($27,500.00), payable as follows:

(i) Fermin Lopez

One (1) check made payable to "Fermin Lopez" in the gross amount of **$700.00**, less applicable taxes and withholdings, which shall represent wages and compensation allegedly due to Plaintiffs for which an IRS Form W-2 will be provided, provided that Fermin Lopez completes and returns a completed IRS Form W-4. The payment set forth in this subsection shall not be paid until Defendants receive such IRS Form W-4.

  (ii) Cesar Melo

    One (1) check made payable to "Cesar Melo" in the gross amount of **$150.00**, less applicable taxes and withholdings, which shall represent wages and compensation allegedly due to Plaintiffs for which an IRS Form W-2 will be provided, provided that Cesar Melo completes and returns a completed IRS Form W-4. The payment set forth in this subsection shall not be paid until Defendants receive such IRS Form W-4.

  (iii) Armando Ajtun

    One (1) check made payable to "Armando Ajtun" in the gross amount of **$1,150.00**, less applicable taxes and withholdings, which shall represent wages and compensation allegedly due to Plaintiffs for which an IRS Form W-2 will be provided, provided that Armando Ajtun completes and returns a completed IRS Form W-4. The payment set forth in this subsection shall not be paid until Defendants receive such IRS Form W-4.

  (iv) Michael Faillace & Associates, P.C.

    One (1) check made payable to "Michael Faillace & Associates, P.C." in the amount of **$25,500.00**, which represents the alleged liquidated damages, interest, penalties, attorneys' fees and costs owed Plaintiffs and their counsel, to be reported on an IRS Form 1099, provided that Michael Faillace & Associates, P.C. completes and returns to Defendants' counsel a completed IRS Form W-9. The payment set forth in this subsection shall not be paid until Defendants receive such IRS Form W-9.

  B. In the event that the Settlement Payment is not paid by the payment date set forth above, or fails to clear (i.e., bounces) on its payment dates and such non-payment is due to Defendants' failure to furnish or fund any such payments, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by email to crichmond@foxrothschild.com and certified mail addressed to Fox Rothschild LLP (Attn: Carolyn D. Richmond), 100 Park Avenue, Suite 1500, New York, New York, 10017, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment, together with any financial penalty assessed by Plaintiffs' banking institution(s). Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately take action to enforce this Settlement Agreement. Plaintiffs shall be entitled to recovery of attorneys' fees, costs, and prejudgment interest upon any action to enforce this Settlement Agreement.

  8. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue for any dispute between the

parties shall lie in the United States District Court for the Southern District of New York, or the New York State Supreme Court, New York County. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. The District Court's refusal to retain jurisdiction over the settlement shall not void or otherwise effect this Agreement. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

9. **Reemployment.** Plaintiffs agree to relinquish and hereby do relinquish any and all rights they may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity to (including but not limited to as an employee, independent contractor, consultant or temporary employee) Defendants. Plaintiffs agree that they will not seek, apply for, or accept any employment or assignment to which they have relinquished any rights. Plaintiffs agree and understand that this provision is intended to protect the Defendants from allegations of retaliation and that this is Section 9 constitutes a material provision of this Agreement.

10. **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

11. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The parties represent and warrant that the Settlement Payment is fair and reasonable. The parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

12. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. Other than the Settlement Agreement and General Release previously executed by the Parties in this matter on or about September 17, 2014 ("First Settlement Agreement"), which is superseded and replaced in its entirety by this Agreement, there is no other agreement or understanding, written or oral, expressed or implied, among the

parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

13. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

15. **Knowing and Voluntary Release of Claims.** Plaintiffs acknowledge that:

A. Plaintiffs have carefully read this Settlement Agreement and they fully understand its meaning;

B. Defendants hereby advise Plaintiffs in writing that Plaintiffs should consult with an attorney before signing the Settlement Agreement, and Plaintiffs acknowledge that they have in fact consulted with an attorney regarding this Agreement, or that they have waived this right.

C. Plaintiffs are signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

D. Everything Plaintiffs are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiffs to sign it.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of July 21, 2015.

**FERMIN LOPEZ**

DATED: July 12, 2015    *Fermin Lopez*

**CESAR MELO**

DATED: ~~July~~ August 10, 2015    *[signature]*

**ARMANDO AJTUN**

DATED: July __, 2015    *[signature]*

**NIGHTS OF CABIRIA LLC**

DATED: July __, 2015    BY: _____

**TWO BOOTS MANAGEMENT COMPANY LLC**

DATED: July __, 2015    BY: _____

**PHIL HARTMAN**

DATED: July __, 2015    _____

-7-

**IN WITNESS WHEREOF,** the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of July 21, 2015.

**FERMIN LOPEZ**

DATED: July __, 2015    _____

**CESAR MELO**

DATED: July __, 2015    _____

**ARMANDO AJTUN**

DATED: July __, 2015    _____

**NIGHTS OF CABIRIA LLC**

DATED: July __, 2015    BY: _____[signature]_____

**TWO BOOTS MANAGEMENT COMPANY LLC**

DATED: July __, 2015    BY: _____[signature]_____

Case 1:14-cv-01274-EAR-JLC   Document 39-1   Filed 03/29/17   Page 8 of 11

**PHIL HARTMAN**

DATED: July __, 2015    _____[signature]_____

-7-

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERMIN LOPEZ, CESAR MELO AND ARMANDO AJTUN, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>NIGHTS OF CABIRIA LLC (D/B/A TWO BOOTS PIZZA), TWO BOOTS MANAGEMENT COMPANY LLC (D/B/A TWO BOOTS PIZZA), PHIL HARTMAN, DORIS KORNISH AND ROBERT PERL,<br><br>Defendants. | Civil Action No. 14-cv-1274 (LAK) (JLC) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiffs Fermin Lopez, Cesar Melo and Armando Ajtun (collectively "Plaintiffs") and Defendants Nights of Cabiria LLC, Two Boots Management Company LLC, and Phil Hartman (collectively "Defendants") hereby stipulate, by and through their counsel, that the claims asserted by the Plaintiffs in the Complaint against Defendants shall be unconditionally dismissed with prejudice, and without costs or attorneys' fees to any party. The parties agree that the Court shall retain jurisdiction over the settlement agreement resolving this action.

It is further agreed and acknowledged that the settlement entered into by the parties, and the monies received by Plaintiffs, and referenced in their Settlement Agreement And General Release dated July 21, 2015, are a fair and reasonable resolution of a bona fide dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked.

MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200

By: _____
Michael A. Faillace, Esq.
Joshua Androphy, Esq.

FOX ROTHSCHILD LLP
*Attorneys for Defendants Nights of
Cabiria LLC, Two Boots Management
Company LLC, and Phil Hartman*
100 Park Avenue, Suite 1500
New York, NY 10017
(212) 878-7900

By: _____
Carolyn D. Richmond, Esq.
Alexander W. Leonard, Esq.

**SO ORDERED:**

_____
**HON. LEWIS A. KAPLAN**
**United States District Judge**

Dated: _____, 2015
New York, New York